UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION



FILED
FEB 23 2005
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

TED RIDLING,

        Plaintiff,        CIVIL ACTION NO. 04 CV 74052 DT

    v.                    DISTRICT JUDGE PAUL D. BORMAN

C/O SHOOK, C/O MAY,       MAGISTRATE JUDGE VIRGINIA M. MORGAN
C/O BURNS, WARDEN RENICO,
INSPECTOR PATRICK, INMATE
COOPER, INMATE HANNON,
and INMATE HINTON,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

### I. Introduction

This prisoner civil rights case comes before the court on Defendants' Rule 12(b)(6) Motion for Dismissal for Failure to Demonstrate Exhaustion of all Available Administrative Remedies. For the reasons stated below, the court recommends that the motion be **GRANTED** and that the complaint be dismissed in its entirety.

### II. Background

Plaintiff is currently an inmate at the Saginaw Correctional Facility, Freeland, Michigan. The events that form the basis of this cause of action occurred while he was an inmate at the St. Louis Correctional Facility, St. Louis, Michigan.

The facts alleged in the complaint, which the court will take as true for the purposes of this motion, are as follows. On July 4, 2003, plaintiff's cell door was opened by an unidentified corrections officer or officers in order to allow inmates Cooper, Hannon, and Hinton to enter his cell and take his personal property. Plaintiff brought the matter to the attention of prison officials. Inspector Patrick informed plaintiff that he would investigate the theft and discipline the guilty parties. However, he never proceeded with the investigation.

Shortly after the theft of plaintiff's property, officer May called five inmates into the unit dayroom, informed them that plaintiff wrote a letter to the supervisory staff regarding the theft, and told them that plaintiff was a "rat" who needed to be dealt with. Plaintiff was subsequently assaulted by inmates Cooper and Hannon. Officers Shook and Burns witnessed the assault, but did not intervene or assist plaintiff in any manner.

After the assault, plaintiff was placed in segregation. Officer Burns was assigned to the task of packing up and delivering plaintiff's property to him in the segregation unit. Officer Burns failed to fill out a pack-up slip and brought only a portion of plaintiff's property to the segregation unit. Among the items Officer Burns failed to deliver to plaintiff was his television set. Officer May gave the television set to another inmate. Plaintiff was subsequently given a broken television set as a replacement.

Plaintiff filed a claim with the State Administrative Board, seeking $322.20 in compensation for the loss of his personal property. He was awarded $89.56.

Plaintiff subsequently filed suit pursuant to 42 U.S.C. § 1983 against officers Shook, May and Burns, Warden Renico, Inspector Patrick, and inmates Cooper, Hannon, and Hinton, alleging

violations of his constitutional rights and seeking compensation for the loss of his personal property and for the pain and suffering he endured as a result of the alleged neglect and deliberate indifference of defendants Shook, May, Burns, Renico, and Patrick. Plaintiff also seeks a transfer to a federal correctional facility in either Georgia or South Carolina.

Defendants Renico, Burns, and Shook move to dismiss plaintiff's complaint on the ground that he failed to exhaust his administrative remedies prior to filing suit, as required under 42 U.S.C. § 1997e.

### III. Discussion

#### A. Sua Sponte Dismissal

In prisoner civil rights matters, courts must *sua sponte* dismiss any complaint, or any portion thereof, that is frivolous, malicious, or fails to state a claim upon with relief may be granted. See 42 U.S.C. § 1997e(c), 28 U.S.C. 1915A. As discussed below, plaintiff has plainly failed to state a claim against several defendants in this matter.

Warden Renico is named as a defendant in the caption of the complaint. However, no allegations are made against him in the body of the complaint. Accordingly, the complaint fails to state a claim on which relief may be granted as to defendant Renico.

Further, plaintiff has named three private parties – inmates Cooper, Hannon, and Hinton – as defendants in this § 1983 action. As the Sixth Circuit stated in Brotherton v. Cleveland, 173 F.3d 552, 567 (6th Cir. 1999), "[a] § 1983 plaintiff may not sue purely private parties." Accordingly, plaintiff has failed to state a claim on which relief may be granted under § 1983 against defendants Cooper, Hannon, and Hinton. To the extent plaintiff has stated actionable

state law tort claims against defendants Cooper, Hannon, and Hinton, the court recommends that the district court decline to exercise supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(c)(3).[1]

Plaintiff has also failed to state a claim against defendant Patrick. Liability under § 1983 generally cannot be based upon a mere failure to act. See, e.g., Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999). Rather, a prison official may be held liable under § 1983 only if he has engaged in "active unconstitutional behavior." Id. Plaintiff's claim against defendant Patrick is based solely upon the latter's alleged failure to act following the theft of plaintiff's property. Such allegations are insufficient to state a claim upon which relief may be granted under § 1983.

### B. Exhaustion of Administrative Remedies

Defendants Shook, May, and Burns seek dismissal of plaintiff's complaint on the ground that he failed to exhaust his administrative remedies prior to filing suit, as required by 42 U.S.C. § 1997e(a). Section 1997e(a) provides as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until administrative remedies as are available are exhausted.

---

[1] Section 1367(c)(3) provides that a district court may decline to exercise supplemental jurisdiction over a claim where it has "dismissed all claims over which it has original jurisdiction." Plaintiff has failed to state federal claims against defendants Renico, Patrick, and the inmate defendants, and, as is discussed in Section IIIB of this Report and Recommendation, plaintiff failed to exhaust his administrative remedies as to his § 1983 claims against the remaining defendants. Thus, the court will recommend that all federal claims be dismissed. Accordingly, § 1367(c)(3) is applicable.

The exhaustion requirement of § 1997e(a) "applies to all inmate suits, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983, 992 (2002). The prisoner bears the burden of establishing exhaustion under § 1997c(a). Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1998). In order to carry that burden, the prisoner must allege that he exhausted all available administrative remedies and must either attach documentation to his complaint showing the administrative disposition of any grievances he filed or describe the administrative proceedings and the outcome thereof with specificity. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). Further, "a prisoner must administratively exhaust his or her claim as to each defendant associated with the claim." Burton v. Jones, 321 F.3d 569, 575 (6th Cir. 2003).

While the cover sheet of plaintiff's complaint contains cursory allegations that he administratively exhausted his claims, he did not attach supporting documentation to his complaint or describe therein the administrative proceedings with particularity. Under the authorities cited above, plaintiff's claims against the remaining defendants could thus be dismissed without reference to the grievances he submitted to the court in opposition to defendants' motion. The court has, nonetheless, reviewed those documents and finds that they fail to demonstrate exhaustion as to plaintiff's claims against defendants Shook, May, and Burns.

Plaintiff filed nine grievances in which he refers to the loss of his personal property and/or the alleged assault. None of the grievances contain allegations to the effect that defendants Shook and Burns witnessed the assault and failed to intervene or that defendant

May ordered the assault. Further, plaintiff did not specifically allege in any of the Step I grievances that defendant May gave his television set to another inmate or that defendant Burns failed to deliver all of his personal property to the segregation unit. Accordingly, plaintiff has failed to satisfy the requirements of § 1997e(a) with respect to his claims against defendants Shook, Burns, and May.

### IV. Conclusion

For the reasons stated above the court recommends the following:

(1) that defendants' motion be **GRANTED**;

(2) that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as to defendants Renico and Patrick;

(3) that plaintiff's § 1983 claims against defendants Cooper, Hannon, and Hinton, to the extent any are alleged in the complaint, be **DISMISSED WITH PREJUDICE**;

(4) that plaintiff's state law claims against defendants Cooper, Hannon, and Hinton, to the extent any are alleged in the complaint, be **DISMISSED WITHOUT PREJUDICE**; and

(5) that plaintiff's claims against defendants Shook, May, and Burns be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v.

Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

VIRGINIA M. MORGAN
UNITED STATES MAGISTRATE JUDGE

Dated: FEB 23 2005