**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TED RIDLING, #231762,

      Plaintiff,

v.                                                             CASE NO. 04-74052

                                                                              JUDGE PAUL D. BORMAN
                                                                     UNITED STATES  DISTRICT JUDGE

SHOOK ET AL.,

      Defendant.

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO TAX COSTS

      Plaintiff was granted *in forma pauperis* status and brought suit for alleged civil rights violations under 42 U.S.C. § 1983.  On July 11, 2005, this Court accepted the Magistrate Judge's Report and Recommendation which recommended that the Court grant Defendant's Motion to Dismiss.  Subsequent to the entry of judgment in Defendant's favor, Defendant filed this Motion to tax costs pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920.  This Court grants Defendant's Motion, for the following reasons.

      Defendant requests that this Court tax the cost of copying fees in the amount of $6.00, consisting of 10 cents per page for 60 pages and docket fees incurred pursuant to 28 U.S.C. § 1923 in the amount of $20.00, for a total of $26.00.  Federal Rule of Civil Procedure 54 and 28 U.S.C. § 1920 govern the authority of this Court to tax costs of litigating this action to Plaintiff.  Specifically, Rule 54 states that

> (d) Costs; Attorneys' Fees.
>       (1) Costs Other than Attorneys' Fees
>
> Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs. . . .

FED. R. CIV. P. 54(d).  Rule 54 also states that "costs other than attorneys' fees shall be allowed

1

as of course to the prevailing party unless the court otherwise directs . . ." FED. R. CIV. P. 54(d)(1). Section 1920 defines the costs that may be assessed against the losing party pursuant to Rule 54(d). Those costs are:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of [Title 28];
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of [Title 28].

28 U.S.C. § 1920.

The application of the noted authority allows this Court to grant Defendant's motion. This Court will grant Defendant's request for the full amount for the attorney's docket fee pursuant to section 1923 and for the amount of the copying fees at 10 cents per page. *See Berryman v. Epp*, 884 F. Supp. 242 (E.D. Mich. 1995). Therefore, the Court awards Defendant $6.00 for the cost of copying 60 pages at 10 cents per page and $20.00 for the docket fee. This brings the total that Defendant will receive to $26.00.

Accordingly, IT IS ORDERED that Defendant's Motion to Tax Costs is GRANTED in the reduced amount of $26.00, consisting of $6.00 in copying fees and $20.00 in nominal attorney's docket fees.

IT IS FURTHER ORDERED that a lien is ordered against Plaintiff's prisoner account pursuant to MDOC PD-DWA 04.02.105 to satisfy the award.

**SO ORDERED.**

      s/Paul D. Borman  
      PAUL D. BORMAN  
      UNITED STATES DISTRICT JUDGE

Dated: March 3, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on March 3, 2006.

                                                      s/Jonie Parker  
                                                     Case Manager